# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2777

_____

United States of America

*Plaintiff - Appellee*

v.

Justin Jasper

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: June 15, 2018
Filed: July 17, 2018
[Unpublished]

_____

Before KELLY, ARNOLD, and STRAS, Circuit Judges.

_____

PER CURIAM.

After Justin Jasper served his criminal sentence, the district court[1] indefinitely committed him to the Attorney General's custody for additional mental-health

---

[1] The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

treatment. Jasper's sole argument on appeal is that there is insufficient evidence that he poses a substantial risk of bodily injury to others. We affirm.

Jasper suffers from schizophrenia. While experiencing a paranoid delusion, he drove a stolen truck to the University of Washington campus, where he planned to blow up an empty house. When police officers arrested him, they discovered two firearms, military-grade body armor, and six Molotov cocktails in the truck. Jasper pleaded guilty to multiple offenses and was sentenced to three years in prison.

The Bureau of Prisons initially placed Jasper in the general prison population at a medium-security federal correctional institution in Oregon. While there, Jasper refused treatment, fought with staff members and other inmates, and displayed suicidal tendencies.

The Bureau eventually transferred Jasper to the Federal Medical Center-Rochester. After some initial resistance, he cooperated with the medical staff and substantially improved his behavior. All the while, however, he refused to acknowledge his illness and expressed a desire to discontinue his medication once released.

Before Jasper's sentence expired, the government filed a petition seeking to civilly commit him under 18 U.S.C. § 4246. After a hearing, the district court found that Jasper is dangerous while unmedicated and likely to stop taking his medication if released. It accordingly committed him to the Attorney General's custody for further treatment.

Jasper concedes that the government's evidence established two of the three requirements for civil commitment under section 4246. *United States v. S.A.*, 129 F.3d 995, 1000 (8th Cir. 1997) (holding that section 4246 requires the government to "demonstrate," in addition to dangerousness, a "(1) a mental disease or defect . . .

and (3) the absence of suitable state placement"). The only unresolved question is the sufficiency of the evidence on the other one: whether Jasper's "release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(d). We conclude that the government met its burden.

The government presented considerable evidence of Jasper's dangerousness, including his history of refusing medical treatment, possessing weapons, using illegal drugs, and engaging in violent behavior. The Chief of Psychology at FMC-Rochester testified to the substantial risk that Jasper would pose if he were no longer in custody and decided to discontinue his medication. Indeed, Jasper has made his intent following release perfectly clear, saying that he will refuse treatment once he is no longer in custody. On this record, we cannot say that the district court clearly erred in determining that, once released, Jasper would pose a substantial risk of bodily injury to others. *See United States v. Williams*, 299 F.3d 673, 676–78 (8th Cir. 2002) (applying the clear-error standard to a determination that a prisoner was dangerous and eligible for commitment under section 4246).

The judgment of the district court is affirmed.

_____